**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
### E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

<u>**In re Big Rock Gravel Act 250 Permit**</u>                    **Docket No. 116-8-12 Vtec**
**(Appeal of Jurisdictional Opinion)**

Title: Cross Motions for Summary Judgment (Filing Nos. 1 & 2)

Filed: October 25, 2012

Filed By: Applicant Big Rock Gravel Operations, Inc.

Response Filed: October 29, 2012 by Appellant Michael Bernhardt

___ Granted                     ___ Denied                     _X_ Other

      This case comes before us on appeal of a Jurisdictional Opinion (JO) by the District 8 Environmental Commission Coordinator (District Coordinator). The JO concerns condition 16 of Big Rock Gravel Operations, Inc.'s (Applicant) Act 250 permit to operate a sand and gravel pit. Under the permit, Applicant's rock "crushing and hammering is limited to two weeks or 10 working days per year." Land Use Permit #2W1283, Condition 16 (Dist. 8 Envtl. Comm'n., Jan. 9, 2012). The District Coordinator determined that based on the language of the permit, Applicant was entitled to crush rock for 80-90 hours over an unrestricted number of days per year. The District Coordinator also concluded that such an interpretation was not a material change as defined by Act 250 Rule 34 and therefore did not require a permit amendment. Michael Bernhardt (Appellant) appealed the JO to this Court. Applicant filed a motion for summary judgment on Appellant's sole Question, which asks the Court to determine whether the "District Coordinator exceed[ed] his authority by changing a specific permit condition on hours of operation of hammering/crushing as written in LUP #2W1283." (Appellant's Statement of Questions, filed Sep. 17, 2012.) In response, Appellant filed a cross-motion for summary judgment. We address both motions in this Entry Order.

      For the purpose of putting the pending motions into context, we recite the following facts, which we determine to be undisputed unless otherwise noted.

1.    The District 8 Environmental Commission (Commission) issued Permit #2W1283 and corresponding Findings of Fact and Conclusions of Law (the Decision) on January 9, 2012.

2.    The Decision states in Paragraph 4 of its Findings of Fact regarding Section 6086(a)(1) that "[t]wice each calendar year, crushing, screening, and hammering events will occur in the quarry. These two events will last two weeks utilizing 10 weekdays of operation."

3.    Condition 16 of Land Use Permit #2W1283 states that "concurrent crushing and hammering is limited to two weeks or 10 working days per year."

4.    Condition 17 of Land Use Permit #2W1283 states that the "[h]ours of operation shall be carefully adhered to: 7:00 AM – 4:00 PM weekdays, non-holidays only. Blasting and crushing/hammering shall occur weekdays only, 7:00 a.m. – 4:00 p.m."

5.    In 2012, 77 hours of crushing occurred on 17 different days.

6.  Applicant asked the District Coordinator to issue a JO regarding whether interpreting the permit to allow 80 total hours over an unrestricted number of days per year required a permit amendment.

## Discussion

We will grant summary judgment to a moving party upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). We must "accept as true the [factual] allegations made in opposition to the motion for summary judgment" and give the non-moving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citations omitted); see V.R.C.P. 56(c) (laying out summary judgment procedures). When considering cross-motions for summary judgment, we look at each motion individually and give the party opposing a motion the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Communications, 2009 VT 59, ¶ 5, 186 Vt. 332 (citing Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990)). Both the party claiming that a material fact is undisputed and the party seeking to establish a dispute of material fact must support their assertions with citations to materials in the record. V.R.C.P. 56(c)(1); see Reporter's Notes—2012 Amendment, V.R.C.P. 56 ("Rules 56(c)(1)(B) and (c)(2) clarify that all asserted facts must be based on admissible evidence"). The Environmental Division follows the Vermont Rules of Evidence, except that we may admit evidence otherwise inadmissible under those rules "if it is of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs." V.R.E.C.P. 5(e)(1).

Appellant challenges whether the District Coordinator exceeded his authority when he (1) interpreted Condition 16 of Permit #2W1283 to allow 80-90 hours of hammering and crushing over an unlimited number of days per calendar year and (2) concluded that such an interpretation did not require a permit amendment. None of the material facts are in dispute. Therefore, this case is ripe for summary judgment because Appellant's question requires this Court to determine, as a matter of law, whether the District Coordinator erred in his interpretation of the permit language.

A permittee who intends to materially change a permitted project must explain the changes to the District Commission and apply for a permit amendment. In re Hamm Mine Reclamation, No. 271-11-06 Vtec, slip op. at 9 (Vt. Envtl. Ct. Sept. 27, 2007) (Durkin, J.). A "material change" is defined as any change to a permitted development that "has a significant impact on any finding, conclusion, term[,] or condition of the project's permit and which may result in an impact with respect to any of the criteria specified in 10 V.S.A. § 6086(a)(1)-(10)." Act 250 Rule 2(C)(6), 16-5 Vt. Code R. § 200:2(C)(6). Therefore, not all changes are material, nor do all changes require a permit amendment. In order to determine if a change is material, we must consider the scope of the project as originally permitted by the District Commission.

In interpreting permit conditions, the normal rules of statutory construction apply. Vt. Agency of Natural Res. v. Weston, 2003 VT 58, ¶16, 175 Vt. 573 (internal citations omitted). In applying these rules, we endeavor to interpret the intent of the drafters by relying on the plain language of the permit. Id. In this case, the plain language is clear. The permit states that rock crushing and hammering are limited to "two weeks or 10 working days per year."[1] Land Use

---

[1] The permit refers to the crushing and hammering activities as being "concurrent" with the one blast event allowed per year. We do not reach the question of whether the ten days of allowable hammering

Permit #2W1283, Condition 16 (Dist. 8 Envtl. Comm'n., Jan. 9, 2012).  Based on the plain language of the permit, we conclude that the District Commission intended for hammering and crushing to only occur on ten days out of every calendar year.  In his cross-motion for summary judgment, Appellant asserts that this is the correct interpretation of the permit and the intent of the District Commission, and thus, entitles him to judgment.

Applicant asks us to interpret its permit to allow it to crush and hammer for a maximum of 80 to 90 hours per year, determined by multiplying the allowed 10 days of concurrent crushing and hammering by a workday of eight to nine hours.  Applicant contends that its permit should allow it to distribute these 80–90 hours of crushing and hammering over an unlimited number of days per year.  Although Applicant's interpretation of its permit is not unreasonable, it is in direct conflict with the plain language of the permit.  Because the permit limits crushing and hammering to 10 working days per year, Applicant's interpretation would alter Condition 16 of its permit.

We next consider whether the alteration of Condition 16 could have an impact on any of the Act 250 criteria in 10 V.S.A. § 6086(a)(1)-(10) and thus be considered a "material change."  In this case, we find that it does.  Specifically, we conclude that Applicant's interpretation could have a significant impact on noise considerations protected by Act 250 criteria 1 and 8.  See In re Rivers Dev., LLC, No. 68-3-07 Vtec, slip. op, at 15 (Vt. Envtl. Ct. Mar. 25, 2010) (Durkin, J.) (finding that noise can violate Act 250 criteria 1 and 8).  Thus, Applicant's proposed interpretation is a material change that would require a permit amendment to implement.

Based on the above reasoning, we conclude that the District Coordinator exceeded his authority when he determined that Applicant's proposed interpretation did not require a permit amendment. Accordingly, we **DENY** Applicant's motion for summary judgment, **GRANT** Appellant's motion for summary judgment, and **REVERSE** and **VOID** Jurisdictional Opinion #2-279 concerning Permit #2W1283.  We do not reach the question of whether an amendment is appropriate or permissible in this case.  Applicant may file a permit amendment application with the Commission if Applicant is interested in altering Condition 16 of the permit.

_____          _____
            Thomas G. Walsh, Judge                                              Date

========================================================================

Date copies sent: _____                              Clerk's Initials: _____

Copies sent to:

   Appellant Michael Bernhardt
   Appellee Big Rock Gravel, LLC
   Attorney Melanie Kehne for- Natural Resources Board (informational purposes only)

_____

and crushing must be consecutive and occur immediately after blasting, but that is a reasonable reading of the plain language of Condition 16.